HENSON *v.* ARKANSAS STATE LIFE INSURANCE COMPANY.

Opinion delivered October 1, 1928.

*Oscar Barnett,* for appellant.

*Neill Bohlinger,* for appellee.

McHANEY, J. Appellant is the mother of Gussie B. Henson, and was named as beneficiary in a sick and accident policy of insurance issued by appellee to said Gussie B. Henson on the 11th day of June, 1927. By the terms of the policy the premiums were due July 1, and on the first of each month thereafter, with five days of grace allowed to pay same. She did not pay the premium due July 1, nor within the five days of grace allowed, and, along early in July, suffered an illness, from which she died on the 26th day of July. The insured not having paid her premium, on July 22 the company wrote her a letter, without any knowledge of her illness, calling her attention to her delinquency in the payment of her premium, in which it said: "Our record shows you are only due for this month's premium, which is only a small amount, and we are going to give you this one more chance to have your insurance put back in force, but you must act at once, and send us your premium before we close our books at the end of the month." This letter

was dated July 21, and was received by the insured on July 22, and the appellant sent the money to appellee on the same day, for which a receipt was issued.

This suit was instituted by appellant to recover $300 for the death of Gussie B. Henson, on the theory that the policy covered loss of life through natural causes. At the conclusion of the testimony the court instructed a verdict for appellee, and the case is here on appeal.

The court did not err in giving a peremptory instruction, for the reason that the policy in question does not cover death except through accidental means. It insured the deceased "against death and disability through sickness and accident to the extent as herein limited and provided." Part 1, § (A) provides for sickness indemnity for $1 per day, "meaning disability caused by sickness which is contracted and begins during the life of this policy, and after it has been maintained in continuous force for not less than thirty days hereinafter, called 'such sickness,' and so long as the renewal premium is paid in advance by the insured," subject to all conditions set out in the policy. Section (B) provides for accident indemnity of $1 per day. Part 2 provides for accident insurance in the sum of $300 for certain specific losses, and continues: "If, within ninety days from the time of an accident, any one of the following specific losses shall result solely from such injury, the company will pay for such loss, in lieu of all other indemnity under this policy, the specified sum shown herein." For loss of life $300, both eyes $300, etc.

There is no provision in the policy, which we have examined carefully, insuring the deceased against death, except through accidental means. Parts 3 and 4 deal wholly with accident indemnity, and part 5 with illness indemnity.

The evidence in this case shows that the insured died from disease, and not because of an accident. The policy not covering death of the insured except by accidental means, creates no liability against appellee for her death, and the court correctly instructed a verdict. Judgment is accordingly affirmed.